## LAWRENCE v KMETZ, et

Ohio Appeals, 8th Dist, Cuyahoga Co
No 10657. Decided Sept 29, 1930

Carl L. Erb, Cleveland, for Lawrence.

Hyre & Hyre and Wm. J. Davis, all of Cleveland, for Kmetz, et.

**LEVINE, J.**

We have no doubt but that if the original contractor, Michael Hamamey, were permitted by the owner to proceed with the erection of the building, in accordance with the plans furnished by the architect, that under the liberal construction of our mechanic's lien law a lien would attach in favor of the architect.

The rights of the original contractor, Hamamey, if he has any against the owner, would have to be asserted in a suit for breach of contract. He would have no lien for the reason that no material was furnished by him which went into the construction of the building, nor was any work done by him in furtherance thereof, and he was not permitted by the owner to proceed with the performance of his contract. His remedy therefore is limited entirely to a suit for breach of contract. It therefore follows that the architect who claims under a contract with Michael Hamamey can exert no greater rights than could Michael Hamamey.

The plaintiff, the architect, who prepared plans for the erection of the building under a contract between himself and Michael Hamamey, principal contractor, which called for the preparation of such plans by the architect, has undoubtedly a cause of action against Michael Hamamey for the value of his services. He can claim, however, no lien attaching to the building erected by another contractor when the plans prepared by the architect were not used in the erection of said building. He can claim no greater rights than could Michael Hamamey.

In order that the lien attach, the owner must consent to have the work done or the material furnished. Likewise it is clear that the work done and materials furnished by both must be actually applied to the erection of the building.

The claim of the plaintiff lacks both elements, namely, the consent of the owner to the use of the plans prepared by the architect, and also that it is quite clear that the plans so submitted by the architect were not in fact used in the erection of the building so constructed by another contractor with whom the architect had no relation whatsoever.

The case comes into this court on appeal and we are content to decide this case upon statements of counsel and the briefs sub-

mitted by them as to the law applicable to it.

A decree will be rendered in favor of defendant and a journal entry will be prepared accordingly.

Vickery, PJ, and Cline, J, concur.